John V. Decolator, Esq.
Law Office of Stephen B. Kaufman, P.C.
3397 East Tremont Avenue
Bronx, NY  10461
(718) 822-0500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GIOVANNI RIVERA,                                                        Civil Action No.

                                        Plaintiff,

            -   Against –                                               **COMPLAINT AND
                                                                        DEMAND FOR
THE PORT AUTHORITY OF NEW YORK AND                                      JURY TRIAL**
NEW JERSEY, THE PORT AUTHORITY POLICE
DEPARTMENT, KEVIN J. O'TOOLE, CHAIRMAN,
EDWARD CETNAR, SUPERINTENDENT,
P.O. STEVEN ANDELHELM, LT. SCOTT
POMERANTZ, and POLICE OFFICER,

                                        Defendants.
-----------------------------------------------------------------X

Plaintiff, GIOVANNI RIVERA, by and through his attorney(s) The Law Office of Stephen B. Kaufman, P.C. complaining of the defendants herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this civil rights action seeking relief for the Defendants' violation of his civil rights, as secured by the Civil Rights Act of 1871 and codified under 42 U.S.C. §1981 and 42 U.S.C. §1983; by the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States; and by the laws of the State of New York for failure to provide his salary during the pendency of his suspension, for acts of harassment, discrimination, defendants' failure to properly supervise and for defendants' intentional infliction of emotional distress upon the plaintiff herein.

## JURISDICTION AND VENUE

2.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C § 1983 and 42 U.S.C. § 1981, as this action seeks redress for violations of Plaintiff's constitutional rights.

3.      Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over the state constitutional and state law claims set forth below, which are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy.

4.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C §§ 1391 because Defendant's offices are located in that judicial district and a substantial part of the events or omissions giving rise to the claim occurred in that judicial district.

## JURY DEMAND

5.      Plaintiff demands trial by jury in this action on each and every one of his claims.


## PARTIES

### Plaintiff

6.      Plaintiff, GIOVANNI RIVERA is a U.S. citizen, and resides in New York, New York.

7.      At all relevant times, Plaintiff, GIOVANNI RIVERA was an employee of THE PORT AUTHORITY POLICE DEPARTMENT.

### Defendants

### The Port Authority of New York and New Jersey

8.      Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY ("Port Authority") is a bi-state compact between the State of New York and New Jersey.  Its main offices are located at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007.

### The Port Authority Police Department of New York and New Jersey

9.      Defendant, THE PORT AUTHORITY POLICE DEPARTMENT ("PAPD") is the police department for the Port Authority.

### Kevin J. O'Toole

10.     Defendant, Kevin J. O'Toole, is the Chairman of the Port Authority.

## Edward Cetnar

11.     Defendant, Edward Cetnar is the Superintendent and Director of Public Safety of the Port Authority Police Department.

## Police Officer Steven Andelhelm

12.     Police Officer Steven Andelhelm was the arresting officer in the subject incident.

## Lt. Scott Pomerantz

13.     Lt. Scott Pomerantz, is plaintiff's supervisor and the World Trade Center's "XO" Officer of Plaintiff's command post.

## Police Officer

14.     Defendant "Police Officer" are all police officers who engaged in a pattern and practice of harassment and discrimination and acts that caused the intentional infliction of emotional distress against plaintiff.

## FACTS

*Background*

15.     Plaintiff has been a police officer with the defendant The Port Authority Police Department ("PAPD") since March 30, 2013.

16.     On February14, 2017, Plaintiff was wrongfully accused and falsely arrested for menacing in the second degree, assault in the third degree and harassment in the second degree. (See Exhibit A) The higher misdemeanor charges were later dropped to harassment in the second degree, a violation and non-arrestable offense. (See Exhibit B)

17.     The matter proceeded to the Domestic Violence Part of Westchester Supreme Court.  After nearly two years of adjournment after adjournment, non-appearance of the

complainant, the matter proceeded to trial and plaintiff requested a jury trial. Thereafter, the District Attorney, lacking any evidence in the matter, dropped the charges to harassment in the second degree, which is a violation and a non-arrestable offense. (See Exhibit B) The charge is tantamount to a desk appearance ticket. Despite plaintiff's request for a jury trial, the reduction in charges by the district attorney circumvented plaintiff's ability to have a jury trial, as the charges were miniscule, plaintiff was no longer entitled to a jury trial thus, a bench trial was set. Plaintiff was ultimately convicted of the violation, on July 11, 2018. (See Exhibit C). Port Authority Internal Affairs was present at every court appearance. An appeal is pending on the matter.

### *Non-payment*

18. Immediately after the arrest, plaintiff was suspended without pay from his employment with the PAPD, and still, three years later, has not had a hearing concerning his employment, thereby depriving him of a liberty interest without due process of law (his ability to receive his salary and be gainfully employed).

19. Plaintiff has not received any remuneration since February 14, 2017.

20. Pursuant to Article XXVIII of the Memorandum of Agreement between the Port Authority of New York and New Jersey and the Port Authority Benevolent Association, Inc. (PAPBA), no employee shall be suspended without pay for more than 30 days. (See Exhibit D). Plaintiff is entitled to receive his back pay and missed overtime opportunities during the pendency of his suspension.

21. In addition, Plaintiff Giovanni Rivera was deprived of an opportunity to seek outside employment during the pendency of his suspension.

22.     Similarly, both New York and New Jersey state laws addressing law enforcement personnel provide that the period of suspension without pay shall not exceed 30 days for New York officers pursuant to 9 NYCRR 479.10 the NY statute for NY State Police provides that the period of suspension without pay shall not exceed 30 days.

23.     It has been a custom, pattern and practice of the defendants, Port Authority and PAPD to hold any infraction of a PAPD employee over their head to cause them to capitulate to losing their back pay, in order for the PAPD employee to get back to work.  It is used as a form of extortion allowing the PAPD to get out of their contractual obligation to pay, when the PAPD employees are desperate to survive.  That is the goal of the defendants Port Authority and PAPD.

24.     Yet, several employees of PAPD, including those that are in position of authority or are in favor with those that are in a position of authority, who were charged and convicted of more serious crimes were not suspended.  They continued to be gainfully employed and continued to receive their salary throughout the criminal proceedings against them and thereafter.

25.     Plaintiff has been woefully deprived of his property interests, affecting him and his family in an extremely draconian manner.


*False Arrest/Unlawful Imprisonment*

26.     Although the arresting officers and supervisors of PAPD were aware of the circumstances surrounding plaintiff's arrest, they did nothing to assist plaintiff who was falsely arrested despite their knowledge.

27.     Several weeks prior to his arrest, Plaintiff requested permission to obtain an Order of Protection against the complainant, but was advised by PAPD that it would adversely affect his job, thus Plaintiff was prevented from protecting himself.  Shortly thereafter, complainant made vicious, false allegations leading to plaintiff's arrest.

28.     Further, rather than having plaintiff appear on his own recognizance, PAPD superiors allowed plaintiff change into his uniform and report to his commander only to handcuff him and parade him across Ducati Park and the promenade of the World Trade Center for the world and other officers to witness as though plaintiff was a hardened criminal.

***Harassment***

29.     During the pendency of the underlying criminal matter, plaintiff was followed and stalked by members of the PAPD, whose vehicles suddenly appeared in non-PAPD locations, where plaintiff happened to be.

30.     During the course of plaintiff's employment, PAPD employees poured powder on plaintiff's locker, causing those present in the locker room when plaintiff arrived to laugh and humiliate him.

31.     During the course of plaintiff's employment, PAPD employees placed a note on the cabinet in the arrest room, stating "this is Rivera's seat", insinuating that he should be arrested.

32.     During the course of plaintiff's employment, plaintiff Giovanni Rivera suffered an on the job injury twice.  Although Worker's Compensation should have paid for his medical treatment, his medical bills were kicked back and not paid.  There is no procedure in place notifying where bills should go and no one knows where to send it.  Port Authority and PAPD violated Department of Labor procedures in that there is nothing posted for employees to be informed of the correct procedures regarding Worker's Compensation.  Shortly after Plaintiff began employment with the PAPD, plaintiff effected an arrest on a man in the Port Authority Bus Terminal.   The s man notified the arresting officers including the plaintiff herein that he was HIV positive as the arresting officers were in contact with the man's blood.  The bill for HIV

testing and treatment has not yet been paid, nearly 7 years after the incident.   It appears that only the bills of the officers who have ties with superiors have their bills paid, but the claims of those PAPD employees who do not have the influence of a superior do not get the same treatment and their bills do not get paid.

33.     Further after plaintiff's arrest, all of plaintiff's medical insurance claims were rejected by PAPD for bills related to his daughter's medical care and treatment and bills related to his wife's medical care and treatment after the loss of their child.   None of plaintiff's medical claims were ever rejected prior to plaintiff's arrest.

34.     Plaintiff verily avers that the above referenced actions of Port Authority, PAPD, their servants agents and employees were intentional acts of harassment against Plaintiff, Giovanni Rivera.

***Discrimination***

35.     On or about September 2017, plaintiff's brother-in-law passed away.  It is the custom and practice of PAPD to readily give leave to a PAPD employee to enable the PAPD employee to attend to the needs of their family members.  However, when Lt. Pomerantz learned of plaintiff's request for leave it was immediately denied until Sgt. Woody intervened.

36.     During the course of his employment, plaintiff's supervisor, Lt. Pomerantz called him a "typical Hispanic cocky Spic".   Lt. Pomerantz frequently made degrading racial comments to the plaintiff herein.

37.     In addition, during the course of his employment, plaintiff was forced to work OT 4 days in a row back to back for a total of 20 hours per day without any relief.   Further, Plaintiff was denied a request for a hotel room and had to either sleep on a cot in the locker room or drive home  one hour to Rockland County where he was living, sleep two hours and return to work, the

following day.  The normal cycle is to be forced to work overtime one day, then rotate to the next employee.  This was done in an effort to annoy and harass the plaintiff herein without any regard for his welfare or safety.

38.     During the course of plaintiff's employment, plaintiff's Facebook account was hacked by his former girlfriend who sent naked pictures of plaintiff to his Facebook account. Officer Peter Ferron obtained plaintiff's picture and rather than protect plaintiff, he proceeded to send his pictures to Lt. Pomerantz and other PAPD officers who laughed about it.   Breach of anyone's Facebook account is a serious matter, let alone an officer's Facebook account.  Rather than protect their employee who already had requested to file an Order of Protection against this person, PAPD officers and supervisors chose to laugh and turn a blind eye when the individual filed charges against plaintiff even though they were aware that plaintiff's account had been hacked.

39.     During the course of his employment, various PAPD officers and supervisors continuously and systematically engaged in actions that discriminated against the plaintiff herein on the basis of his race.


***Intentional Infliction of emotional distress***

40.     Draconian efforts to thwart Plaintiff's ability to receive his back pay although contractually and statutorily obligated to do so, caused plaintiff to suffer extreme emotional distress with physical ramifications.

41.     The various consistent and systematic acts of harassment and intentional disparate treatment by PAPD employees and superiors caused an intentional infliction of emotional distress upon the plaintiff herein.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Loss of property interest under 42 U.S.C. §1983)*

42.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

43.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under color of state law.

44.     Plaintiff, Rivera became employed by the PAPD on March 30, 2013 as a Police Officer.

45.     On February 14, 2017, Plaintiff Giovanni Rivera was arrested and was immediately suspended without pay.

46.      February 14, 2017, plaintiff has not received any remuneration and has been unable to seek employment pending a determination of his employment status due to the PAPD's failure to conduct a hearing and due to PAPD's failure to permit any outside employment while the hearing is pending due to PAPD's interference.

47.     It is now three years after the subject incident, and although Officer Rivera has repeatedly asked for a hearing, a hearing still has not been conducted.  Although hearing dates have been scheduled, the hearing dates have been repeatedly adjourned at the last moment, thus depriving Officer Rivera redress for his lost wages and his return to employment.

48.     Pursuant to State law, although plaintiff may continue to be suspended, he must receive his salary after 30 days pending a hearing on his employment status.

49.     Pursuant to the Port Authority's own contract, in Article XXVIII of the Memorandum of Agreement between the Port Authority of New York and New Jersey and the

Port Authority Benevolent Association, Inc. (PAPBA), no employee shall be suspended without pay for more than 30 days.  (See Exhibit D).

50.    Plaintiff is further entitled to missed overtime opportunities during the pendency of his suspension.

51.    In addition to the loss of back pay and missed overtime opportunities, Plaintiff Giovanni Rivera was deprived of an opportunity to seek outside employment while he has been suspended.

52.    The actions stated above violated 42 U.S.C. § 1983, because the actions deprived plaintiff of his property without due process of law, in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution.

## AS AND FOR A SECOND CAUSE OF ACTION
*(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)*

53.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

54.    Defendants detained Plaintiff without probable cause, causing Plaintiff to be unlawfully imprisoned and/or to be falsely arrested.

55.    As a result of the foregoing conduct, Plaintiff suffered physical and mental injury, together with embarrassment, humiliation, mental anguish, shock, fright and loss of freedom.

56.    As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Harassment and Hostile work environment under 42 U.S.C. § 1981 and 42 U.S.C. §1983)*

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" with the same force and effect as if fully set forth herein.

58.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

59.     During the course of Plaintiff's employment with defendant PAPD, the defendant, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of his race, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § Section 1981 and 42 U.S.C. § 1983.

60.     During the course of Plaintiff's employment with defendant PAPD, the workplace was permeated with discriminatory intimidation, ridicule, and insult, that was sufficiently severe or pervasive to alter the conditions of the victim's employment and created a hostile and abusive working environment.

61.     The incidents complained of were continuous and concerted in order to be deemed pervasive.

62.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, and supervisors, with the entire actual and/or apparent authority attendant thereto, and with the intent to harass defendant on the basis of race.

63.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the PORT AUTHORITY OF NEW YORK and NEW JERSEY and

the PORT AUTHORITY POLICE DEPARTMENT, all under the supervision of ranking officers of said agencies.

64.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65.     As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(Deprivation of Federal Civil Rights under 42 U.S.C. §1981 and 42 U.S.C. §1983)*

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "65" with the same force and effect as if sully set forth herein.

67.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

68.     All of the aforementioned acts deprived Plaintiff, a member of racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments of the Constitution of the Untied States of American, and in violations of 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

69.     All of the acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, and supervisors, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

70.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the PORT AUTHORITY OF NEW YORK and NEW JERSEY and the PORT AUTHORITY POLICE DEPARTMENT, all under the supervision of ranking officers of said agencies.

71.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

72.     As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(Supervisory Liability under 42 U.S.C. §1983)*

73.     Plaintiff repeats, reiterates, realleges each and every allegation contained in paragraphs "1" through "72 ", with the same force and effects as if fully set forth herein.

74.     The supervisory defendants, personally caused Plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others, namely Plaintiff Rivera herein, in failing to properly supervise and train their subordinate employees.

75.     As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
*(Negligent & Intentional Infliction of Emotional Distress*
*Under the laws of the State of New York)*

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "75" with the same force and effect as if fully set forth herein.

77.     The aforementioned conduct was extreme and outrageous, intentional and reckless, and exceeded all reasonable bounds of decency.

78.     The aforementioned conduct was committed while Defendants were acting within the scope of their employment by the Defendants PORT AUTHORITY and PAPD.

79.     The aforementioned conduct occurred for the sole purpose of causing severe and emotional distress to Plaintiff.

80.     As a result of the defendants' conduct, Plaintiff suffered mental anguish, humiliation, embarrassment, shock, fright, permanent injury to his reputation and loss of freedom.

81.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorneys fees, costs and disbursement of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GIOVANNI RIVERA, prays that this Court enter preliminary and permanent injunctive relief, and enter judgment on the FIRST CAUSE OF ACTION:

a)  Reinstating Plaintiff to his position in the Port Authority Police Department;

b) Award Plaintiff full back pay and lost benefits, including lost opportunities for overtime compensation;

c) Award Plaintiff $500,000 compensatory damages for emotional distress;

d) Award Plaintiff punitive damages in the sum of FIFTEEN MILLION ($15,000,000.00) DOLLARS .

e) Award Plaintiff attorneys' fees, costs and disbursements.

f) Granting such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff GIOVANNI RIVERA respectfully demands judgment against defendants, jointly and severally, on the SECOND, THIRD, FOURTH,  FIFTH and SIXTH causes of action as follows:

a) Compensatory damages in an amount to be determined by a jury;

b) Punitive damages against the defendants, jointly and severally in an amount to be determined by a jury;

c) Reasonable attorneys' fees, costs, and disbursements pursuant to 28 U.S.C. §1998; and

d) Such other and further relief as this Court deems just and proper.

Dated: Bronx, New York
February 13, 2020

Respectfully submitted,

LAW OFFICE OF
STEPHEN B. KAUFMAN, P.C.

By:  John V. Decolator, Esq.
Attorneys for Plaintiff
3397 East Tremont Avenue
Bronx, NY  10461
(718) 822-0500

## VERIFICATION

STATE OF NEW YORK)
                              ss:
COUNTY OF BRONX  )

     GIOVANNI RIVERA, being duly sworn, says:

     I am a Plaintiff in the action herein:  I have read the annexed Complaint and know the

contents thereof, and the same are true to my knowledge, except those matters therein which are

stated to be alleged upon information and belief, and as to those matters I believe them to be true.

My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and

other pertinent information contained in my personal files.

DATED:  Bronx, New York
          February 14, 2020

                                          Giovanni Rivera

Subscribed and sworn to before me
this 14th day of February, 2020

NOTARY PUBLIC

WANDA I. CARDONA
Notary Public, State of New York
No. 01CA6201266
Qualified in Orange County
Commission Expires February 17, 2021