**EXHIBIT D**

# MEMORANDUM OF AGREEMENT

## January 21, 2003 – January 20, 2010

between

**THE PORT AUTHORITY** OF NY & NJ

and

**The Port Authority**
**Police Benevolent Association, Inc.**



*Gus Danese*
**President**

DOCUMENT H

Change Notices 74, 87, 96 and 99 incorporated herein.

| | | |
|---|---|---|
| Office of the Executive Director The Port of New York Authority | Revised | PAI 20-1.10 September 30, 1970 |

## DISCIPLINARY PROCEEDINGS
## PERMANENT CLASSIFIED EMPLOYEES

I. **Introduction**

    A.  This instruction shall apply to permanent classified employees as defined in PAI 20-1.01.

    B.  No disciplinary action shall be taken against any permanent classified employee except for good and sufficient cause or reason, and except in accordance with this instruction.

    C.  This procedure does not apply to any disciplinary proceeding which originated prior to the effective date of this procedure.

II. **Grounds for Dismissal, Transfer, Demotion of Permanent Employees**

The following are examples of good and sufficient cause or reason for the dismissal, transfer or demotion of a permanent employee: Substantial or repeated neglect or failure of the employee properly to perform his duties; substantial or repeated violation of rules and regulations; conduct seriously prejudicial to the Port Authority or the public interest.

III. **Types of Disciplinary Action**

    A.  The following measures, <u>when taken for disciplinary purposes</u>, constitute disciplinary action within the meaning of this procedure. No other types of disciplinary action are authorized.

        1.  <u>Dismissal</u> from employment, including compulsory retirement.

        2.  <u>Demotion</u> (in the case of employees other than members of the police force holding the position of Police Officer or Police Sergeant) to a grade or title having a lower rate of pay.

        3.  <u>Transfer</u> to a grade or title having a different type of duties or responsibilities.

        4.  <u>Temporary Reduction of Pay</u>, but only in the case of Traffic Officers and Traffic Sergeants.

        5.  <u>Compulsory Leave of Absence Without Pay</u> not to exceed 60 days for any and all offenses charged in connection with any one transaction.

6. Reduction in Seniority in cases where seniority lists affecting rights or privileges have been or are hereafter established.

7. Official Reprimand, officially noted upon the employee's record in the Office of the Personnel Director (or Official Demerits, if a demerit system is established).

8. Forfeiture of Vacation Privileges.

9. Minor Discipline, such as forfeiture of pass, holiday or days off privileges, informal reprimands* and other appropriate minor disciplinary measures which do not affect the employee's grade, title, pay or seniority.

B. The dismissal, demotion, transfer or compulsory retirement of an employee because of mental or physical incapacity substantially impairing his ability to perform his duties, or because he has reached mandatory retirement age or because a reorganization of the Port Authority or one of its facilities, properties, departments or divisions, or any other administrative action affecting the position, status, pay or privileges of an employee, not taken for disciplinary purposes, is not considered to be disciplinary action and does not come within the scope of this procedure. Provision, however, has been made for a hearing at the request of the employee concerned, whenever the dismissal, demotion, transfer or compulsory retirement of a permanent employee is contemplated on the ground of mental or physical incapacity. (See PAI 20-1.09)

IV. Temporary Reduction in Pay

A. As noted above an employee may be disciplined by a temporary reduction in pay, not to exceed one month's pay for any one offense. Such a temporary reduction in pay shall be deducted from each pay check until the entire amount of the temporary reduction has been deducted, but in no case shall the total amount of such deduction from any one pay check (on account of all offenses) exceed ten percent (10%) of the employee's salary or pay (before deductions) for the period covered by the pay check. These deductions will be transferred to the Employees Welfare Fund Committee for use in promoting the welfare and morale of employees.

*For Building Trades Union and Union of Automotive Technicians Covered Classes Only

If a letter of reprimand (informal reprimand) has not been used as a basis for disciplinary action within one year from the date of such letter, such letter shall be removed from the employee's personnel folder, unless during such period related reprimands have been placed in the employee's folder in which event such letter of reprimand shall remain in the employee's folder for the one year period commencing with the date of the most recent letter of reprimand. All letters of reprimand must either be initialled by the employee or, if such employee refuses to so initial, such refusal shall be duly noted.

242

Revised          PAI 20-1.10
September 30, 1970

V.   Hearings and Disciplinary Procedures

A.    Where Hearings in Accordance with Paragraph X are Required

The following types of disciplinary action shall not be taken with respect to any permanent employee having a classified position except pursuant to written charges, and a hearing before a Port Authority Trial Board in accordance with Par. X of this instruction (unless the employee waives the filing of such charges or the holding of such hearing):

(1) Dismissal; (2) demotion; (3) transfer; (4) temporary reduction in pay in an amount greater (for all offenses charged in connection with any one transaction) than the equivalent of three days' pay; (five days' pay for TWU classes) (5) compulsory leave of absence without pay for a period longer (for all offenses charged in connection with any one transaction) than three days (five days for TWU classes); (6) loss of seniority, (7) forfeiture of more than three days' vacation (five days' vacation for TWU classes) (for all offenses charged in connection with any one transaction).

CN 99
1/9/74

B.    When Hearings in Accordance with Paragraph XI are Required (Not applicable to Transport Workers Union classes.)

The following types of disciplinary action shall not be taken with respect to any permanent employee having a classified position except pursuant to written charges, and a hearing before a Departmental Trial Board in accordance with Par. XI of this instruction (unless the employee waives the filing of such charges or the holding of such hearing):

(1) Temporary reduction in pay in amount (for all offenses charged in connection with any one transaction) equivalent to three days' pay or less; (2) compulsory leave of absence without pay for a period (for all offenses charged in connection with any one transaction) of three days or less; (3) official reprimand; (4) forfeiture of vacation (but not more than three days for all offenses charged in connection with any one transaction, and not more than six days in the aggregate during any one calendar year for all offenses); (5) official demerit.

Provided, that such types of disciplinary action may also be taken pursuant to written charges and a hearing before a Port Authority Trial Board in accordance with Par. X of this instruction.

C. **Where Disciplinary Procedures in Accordance with Paragraph XII are Required**

Where an employee has a position in one of the TWU classes and the penalty for all offenses charged in connection with one violation will be no greater than the equivalent of five days' pay, any authorized type of disciplinary action shall be taken in accordance with Paragraph XII hereof.

CN 99
1/9/74

D. **Where Hearings Are Not Required**

Any authorized type of disciplinary action may be taken against a temporary employee without the filing of charges or a hearing; and any authorized type of disciplinary action, other than those specified in sub paragraphs V, A, B, and C, above, may be taken against permanent employees without formal charges or a hearing.

(NOTE:  For definitions of temporary and permanent employees, see PAI 20-1.01.)

VI. **Repeated Offenses**

Disciplinary action may be taken against an employee for repeated violation of rules and regulations or repeated neglect or failure to perform his duties or other repeated conduct warranting disciplinary action, even though disciplinary action has previously been taken separately with respect to some or all of the series of transactions upon which such charges are based; but only if such repeated conduct is charged as a separate offense.  In any such case, the entire series of transactions upon which the charge is based shall be deemed to be one transaction within the meaning of paragraphs V, A, B, and C; but in any other case, the provisions of paragraphs V, A, B, and C relating to "any one transaction" shall be deemed to refer to each transaction separately.

VII. **Waiver of Rights, Resignations Pending Disciplinary Proceedings**

A. An employee may waive his right to have charges filed and may waive his right to a hearing, and may do so either before or after the hearing has commenced.  All such waivers must be in writing.

In addition, the failure to appear at a hearing after notice shall constitute a waiver of such hearing unless the Board or person  before whom such hearing is held shall find such failure excusable.

PAI 20-1.10
Revised        September 30, 1970

B.   An employee may resign at any time, and in that event any
disciplinary proceedings against the employee shall terminate,
but unless the charges are dropped or withdrawn, the charges
shall be filed with his record and entry made in his record
"Resigned under charges pending trial."

Whenever an employee resigns after a temporary reduction
in pay takes effect, the aggregate deduction from his final
pay check shall not exceed 10% of his salary or pay (before
deduction) for the period covered by such pay check.

VIII.   Temporary Suspensions Without Pay

A.   Any employee may be temporarily suspended without pay
pending the preparation of charges and the completion of
disciplinary proceedings (but not for more than two weeks
without the approval of the Executive Director); and such
temporary suspension shall not be deemed to constitute
disciplinary action unless the charges are thereafter
sustained.

B.   If the charges are sustained and if as a result one or
another of the following types of disciplinary action is
taken, such disciplinary action shall be effective as of
the day upon which the employee was suspended: dismissal;
demotion; transfer; temporary reduction of pay; compulsory
leave of absence without pay.

C.   Except as provided above the employee shall be restored to
duty upon the completion of the disciplinary proceedings, and
shall then receive his full pay for the period during which
he was temporarily suspended, whether or not the charges
against him were sustained; provided, that the employee
may be restored to duty prior to the completion of the
disciplinary proceedings, in which event, he shall receive
full pay for the period of his temporary suspension.

D.   Nothing contained in this instruction shall be deemed to
prevent suspending employees with pay, whether pending
the preparation of charges and the completion of discipli-
nary proceedings or for other administrative purposes.

IX.   Filing and Preliminary Investigation of Charges

A.   Form of Charges

Charges shall be in writing, and each charge shall be a

245

k)    i) If a Police Officer is administratively suspended, disciplinary charges must be filed against the Police Officer no later than one hundred and twenty days after the first day of that suspension to continue him on administrative suspension. If the disciplinary charges are not filed within that period, the Police Officer shall be removed from administrative suspension no later than the end of the one hundred and twenty day period and he shall receive payment with respect to the period of his administrative suspension in an amount based upon an estimate of missed opportunities to earn overtime during his administrative suspension. The estimate shall be determined as provided in the next paragraph.

ii) A Police Officer against whom disciplinary charges have been filed who has been administratively suspended but who has not been dismissed from employment shall receive payment of an amount based on an estimate of his missed opportunities to earn overtime during that administrative suspension. The estimate shall be determined as follows:

First, an initial estimate shall be determined by use of the following formula:

$$\frac{a}{b} = \frac{c}{d}$$

where "a" is the average overtime earned per pay period by the suspended Police Officer during the seventy–eight (or the actual number if less than seventy–eight) pay periods immediately prior to the pay period during which his suspension commenced;

"b" is the average overtime earned per pay period per Police Officer during those seventy–eight (or the actual number if less than seventy–eight) pay periods at the Police Command to which the suspended Police Officer was assigned during that period. If the Police Officer was assigned to more than one Police Command during that period, then the average overtime for the period shall be determined by using average overtime earned per Police Officer at each Police Command to which the Police Officer was assigned during that period for the pay periods he was assigned to that Police Command;

"c" is the initial estimate of the Police Officer's missed overtime earned per pay period to be determined, and

39

"d" is the average overtime earned per pay period per Police Officer at the Police Command to which the suspended Police Officer is assigned during the same pay periods of the Police Officer's administrative suspension.

Upon determination of "c", that amount shall be multiplied by the number of pay periods that the Police Officer was on administrative suspension, provided that any pay period during that suspension in which the Police Officer was absent due to sickness or injury incurred in the line of duty on at least half of his scheduled work days shall not be used in that multiplication. Then, from that amount shall be subtracted all overtime, if any, earned by the Police Officer during the suspension. The resulting balance shall be paid to the Police Officer as and for missed overtime.

l) If a Police Officer who is suspended without pay is changed to administrative suspension or returned to full duty he shall receive payment of his full pay for the period during which he was suspended without pay except payment for missed overtime opportunities. If such Police Officer is not dismissed from employment the calculation of missed overtime opportunities shall be made in accordance with the method set forth in paragraph j (ii), above, except that the period of suspension shall include the period during which the Police Officer was suspended without pay.

m) A Police Officer charged in a disciplinary proceeding shall not be permitted to take personal leave on a day for which a hearing in that disciplinary proceeding is scheduled, provided, however, if the person(s) before whom such hearing is to be held grants an adjournment of the hearing scheduled for a particular day, personal leave may be taken on that day.

n) The following shall be substituted for and implemented in lieu of Rule 4 in Document G of this Memorandum of Agreement:

Rule 4.  Warnings required in cases of Criminal Investigation or Criminal charges against employee.

If an employee is under arrest, or is a subject of a criminal investigation, or there is a substantial likelihood that criminal charges against the employee may result from the investigation, he shall be given a written statement as to the alleged criminal matter(s) under investigation and he shall be warned of his rights as follows:

"I wish to advise you that you are being questioned as part of an official investigation by the Port Authority Police. You will be asked questions specifically directed and narrowly related to the performance of your official duties with respect to the alleged criminal matter(s) under investigation. You are entitled to all the rights and privileges guaranteed by the laws of the State of New York or New Jersey, the

40

k)   i) If a Police Officer is administratively suspended, disciplinary charges must be
filed against the Police Officer no later than one hundred and twenty days after
the first day of that suspension to continue him on administrative suspension.  If
the disciplinary charges are not filed within that period, the Police Officer shall
be removed from administrative suspension no later than the end of the one
hundred and twenty day period and he shall receive payment with respect to the
period of his administrative suspension in an amount based upon an estimate of
missed opportunities to earn overtime during his administrative suspension.
The estimate shall be determined as provided in the next paragraph.

ii) A Police Officer against whom disciplinary charges have been filed who has
been administratively suspended but who has not been dismissed from
employment shall receive payment of an amount based on an estimate of his
missed opportunities to earn overtime during that administrative suspension.
The estimate shall be determined as follows:

First, an initial estimate shall be determined by use of the following formula:

$$\frac{a}{b} = \frac{c}{d}$$

where "a" is the average overtime earned per pay period by the suspended Police
Officer during the seventy–eight (or the actual number if less than seventy–eight)
pay periods immediately prior to the pay period during which his suspension
commenced;

"b" is the average overtime earned per pay period per Police Officer during those
seventy–eight (or the actual number if less than seventy–eight) pay periods at
the Police Command to which the suspended Police Officer was assigned during
that period.  If the Police Officer was assigned to more than one Police Command
during that period, then the average overtime for the period shall be determined
by using average overtime earned per Police Officer at each Police Command to
which the Police Officer was assigned during that period for the pay periods he
was assigned to that Police Command;

"c" is the initial estimate of the Police Officer's missed overtime earned per pay
period to be determined, and

39

"d" is the average overtime earned per pay period per Police Officer at the Police Command to which the suspended Police Officer is assigned during the same pay periods of the Police Officer's administrative suspension.

Upon determination of "c", that amount shall be multiplied by the number of pay periods that the Police Officer was on administrative suspension, provided that any pay period during that suspension in which the Police Officer was absent due to sickness or injury incurred in the line of duty on at least half of his scheduled work days shall not be used in that multiplication. Then, from that amount shall be subtracted all overtime, if any, earned by the Police Officer during the suspension. The resulting balance shall be paid to the Police Officer as and for missed overtime.

l) If a Police Officer who is suspended without pay is changed to administrative suspension or returned to full duty he shall receive payment of his full pay for the period during which he was suspended without pay except payment for missed overtime opportunities. If such Police Officer is not dismissed from employment the calculation of missed overtime opportunities shall be made in accordance with the method set forth in paragraph j (ii), above, except that the period of suspension shall include the period during which the Police Officer was suspended without pay.

m)A Police Officer charged in a disciplinary proceeding shall not be permitted to take personal leave on a day for which a hearing in that disciplinary proceeding is scheduled, provided, however, if the person(s) before whom such hearing is to be held grants an adjournment of the hearing scheduled for a particular day, personal leave may be taken on that day.

n)The following shall be substituted for and implemented in lieu of Rule 4 in Document G of this Memorandum of Agreement:

Rule 4. Warnings required in cases of Criminal Investigation or Criminal charges against employee.

If an employee is under arrest, or is a subject of a criminal investigation, or there is a substantial likelihood that criminal charges against the employee may result from the investigation, he shall be given a written statement as to the alleged criminal matter(s) under investigation and he shall be warned of his rights as follows:

"I wish to advise you that you are being questioned as part of an official investigation by the Port Authority Police. You will be asked questions specifically directed and narrowly related to the performance of your official duties with respect to the alleged criminal matter(s) under investigation. You are entitled to all the rights and privileges guaranteed by the laws of the State of New York or New Jersey, the

40