UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GIOVANNI RIVERA, Plaintiff, -v- THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, et al., Defendants. | : | 20cv1350(DLC) ORDER |

DENISE COTE, District Judge:

Plaintiff filed this employment action in 2020, complaining principally that in 2017 the defendants suspended him without pay and subjected him to harassment and hostile work environments following his arrest that year. He delayed serving the defendants until 2021. The Honorable Loretta Preska dismissed his first amended complaint in 2021 without prejudice. Plaintiff filed his second amended complaint in 2022 and the defendants renewed their motion.

This case was reassigned to this Court on December 5, 2025. As set forth in detail in the Order of April 28, 2026, plaintiff's counsel has repeatedly failed to respond to this Court's orders and to abide by its deadlines. At a conference on January 22, 2026, plaintiff's counsel advised the Court for the first time that the plaintiff had died in March of 2025. The April 28 Order instructed plaintiff's counsel to file a

status report on the process of obtaining Letters of Administration by July 17, 2026, and warned that failure to do so will result in dismissal of this case for failure to prosecute. Plaintiff's counsel failed to file any letter by July 17.

Rule 41(b) authorizes dismissal of a complaint "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). The five factors to be analyzed in adjudicating such a motion are whether the failure to prosecute caused a significant delay, whether the plaintiff was given notice that further delay would result in dismissal, whether the defendant is likely to be prejudiced by the delay, whether any need to alleviate court calendar congestion outweighs the plaintiff's right to its day in court, and whether lesser sanctions are appropriate. United States ex rel. Weiner v. Siemens AG, 87 F.4th 157, 164 (2d Cir. 2023); Lewis v. Rawson, 564 F.3d 569, 575-82 (2d Cir. 2009). In analyzing the factors, the court reviews the record as a whole, conscious of the fact that dismissal is a harsh remedy and is "reserved for extreme situations." Siemens, 87 F.4th at 164 (citation omitted). A dismissal with prejudice ordinarily occurs as a sanction for "dilatory tactics during the course of litigation or for failure to follow a court order." Lewis, 564 F.3d at 576.

Dismissal is appropriate in this case. Plaintiff's counsel has caused significant delay and has been warned that further delay would result in dismissal. This case was filed over six years ago in April 2020 and concerns events that occurred in 2017. Plaintiff's counsel only advised the Court of the plaintiff's death in March of 2025 when required to appear at a conference on January 22, 2026. Indeed, plaintiff's counsel did not file a petition for Letters of Administration until April 22, or two days before the deadline of April 24 to show cause as to why the case should not be dismissed for failing to file a status report by April 13. Plaintiff's counsel has now ignored another deadline set by the Court. At this point, the defendants would be unduly prejudiced by additional delays in this case. The Court's efforts at encouraging plaintiff's counsel to move forward with the process of substituting plaintiff in a timely manner, and thereby to move forward with this litigation, have been fruitless.

Similarly, weighing "court calendar congestion" carefully against the plaintiff's right to an opportunity for a day in court also favors dismissal: plaintiff's counsel has also wasted the Court's time and resources for more than half a year. In that span of time, plaintiff's counsel has now violated five

orders[1] of this Court and has had to appear at a show cause hearing for failing to adhere to instructions in the Court's orders. Lesser sanctions are unavailable because at this early stage of the litigation, movement on the dispositive motion to dismiss is pending movement on a motion to substitute the deceased plaintiff. A dismissal with prejudice is an appropriate sanction based on plaintiff counsel's lack of diligence, including his repeated failure to comply with Court orders; plaintiff counsel's failure to provide any explanation for those failures; and the waste of the defendants' and this Court's time and resources. Accordingly, it is hereby

ORDERED that the case is dismissed with prejudice for failure to prosecute.

Dated: New York, New York
July 21, 2026

DENISE COTE
United States District Judge

[1] Orders of January 5, January 12, January 13, February 11, and April 28, 2026.